1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LEIGHTON JAMES DUPREE,                      No.  2:13-cv-0870-EFB P

12              Petitioner,

13        vs.                                    ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14   HEIDI M. LACKNER,[1]

15              Movant.

16

17        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.  Petitioner challenges the sentence he received on October 1, 2010,

19   in the Yolo County Superior Court, after being convicted of second degree burglary with two

20   prior prison terms and three prior convictions for robbery.  He claims that the trial court abused

21   its discretion when it denied his motion to dismiss one of his two prior "strike" convictions at the

22   time of his sentencing in the interests of justice.  Upon careful consideration of the record and the

23   applicable law, it is recommended that petitioner's application for habeas corpus relief be denied.

24   /////

25   _____

26        [1]   The "People of the State of California" was previously named as the respondent.  The
     court now substitutes the correct respondent, the Warden of Sierra Conservation Center, where
27   petitioner is presently incarcerated.  *See Rumsfeld v. Padilla*, 542 U.S. 435 (2004) (in habeas
     challenges to present physical confinement, the proper respondent is the warden of the facility
28   where the prisoner is being held).

                                                 1

**I. Background**

In its unpublished memorandum and opinion affirming petitioner's judgment of

conviction on appeal, the California Court of Appeal for the Third Appellate District provided the

following factual summary:

> Defendant Leighton James Dupree was found guilty by a jury of
> second degree burglary.  (Pen.Code, § 459.) FN1  The jury was
> unable to reach a verdict on a charge of second degree robbery.  (§
> 212.5, subd. (c).)  In a bifurcated proceeding, the jury found true
> three prior strike convictions (§ 667, subds.(b)–(i)), one of which
> the People later conceded did not constitute a strike.  Additionally,
> defendant admitted having served two prior prison terms.  (§ 667.5,
> subd. (b).)   Defendant was sentenced to state prison for an
> indeterminate term of 25 years to life plus a determinate term of
> two years.
>
> FN1. Undesignated statutory references are to the Penal Code.
>
> Defendant appeals, contending the trial court abused its discretion
> by denying his request to dismiss his prior strike convictions.
> Finding no abuse of discretion, we affirm.
>
> **FACTUAL AND PROCEDURAL BACKGROUND**
>
> On January 12, 2010, defendant, who was 62 years old, entered a
> bank and asked a teller to see the manager.  When the teller asked
> him why he wanted to speak to the manager, defendant replied,
> "[B]elieve it or not, this is a robbery."  Defendant followed the
> teller as she went to notify the branch services manager, who went
> to get the branch manager.  Defendant then followed the teller back
> to her window.  Approximately 30 seconds later, the bank manager
> approached and asked defendant what she could do for him.
> Defendant told her "this is a robbery" and "give me your money."
> The bank manager removed $373 from the teller's cash drawer and
> gave it to defendant.  Defendant put the money in his jacket pocket
> and walked out of the bank.  He waited for the signal light to
> change, then crossed the street in the crosswalk, and proceeded
> down the sidewalk at a normal pace.  He was apprehended as he
> walked down the street.
>
> Once handcuffed, defendant stated, "[A]ll I did was rob a bank."
> During a police interview later that day, he explained that he had
> lost his job the day before and needed money, and that he decided
> to rob the bank before entering.  Defendant stated he had been
> "drinking since Christmas" and that he drank some beer that
> morning.   However, the police detective who conducted the
> interview testified that defendant did not have any difficulty
> recalling events or communicating during the interview and did not
> appear to be under the influence of alcohol.  Bank personnel also

2

testified that defendant did not appear to be intoxicated during the robbery.  Based on a blood test several hours after the offense, it was estimated that defendant's blood–alcohol content could have been between 0.16 and 0.19 percent at the time of the offense.

At trial, defendant testified he was first diagnosed as an alcoholic in 1970 and that he lost his job shortly before the incident at the bank because he was drinking and did not show up for work.  He described himself as a binge drinker and stated that, before his arrest, he had been on a binge since a couple of days before Christmas.  Defendant testified he drank beer on the morning of his arrest, as well as the night before.  He maintained he recalled going out and making various stops that day, and that the next thing he remembered was sitting on the sidewalk with a police officer standing behind him.  He stated he did not remember entering the bank or committing the robbery.  Defendant testified he had experienced blackouts before from drinking, and he believed he had suffered a blackout on this occasion.

A forensic psychiatrist who met with defendant and had reviewed his criminal and medical records testified that defendant's history suggested he had some tolerance to alcohol and his conduct after the robbery was consistent with impaired judgment.

Defendant had a 1987 strike conviction in Washington for first degree burglary and assault with great bodily injury, stemming from an incident in which he choked and beat his common law wife's 69 - year - old father to obtain money from him and his wife.  In 1996, defendant was convicted of robbery – another strike – in which, according to the People, he robbed a bank, then led the police on a high speed car chase during which he hit another vehicle.  Defendant was sentenced to 12 years in state prison for this offense.  Defendant also had convictions in 1965 for second degree burglary, in 1973 for robbery,FN2 in 1981 for vehicle theft, in 1984 for assault and possession of a weapon, in 1993 for theft, and in 2007 for battery. In addition, defendant had a driving –under – the – influence arrest in 2009 that had yet to be resolved.

FN2. This conviction initially was charged as a strike, but it was dismissed because the People conceded the elements of the offense in Washington at the time defendant committed the offense did not correspond precisely to the elements for robbery in California.

*People v. Dupree*, No. C067726, 2012 WL 1773275, at **1-2 (Cal.App.3 Dist., May 18, 2012).

After the California Court of Appeal affirmed petitioner's judgment of conviction, he filed a petition for review in the California Supreme Court.  Resp't's Lodg. Doc. 7.  That petition was summarily denied by order dated July 25, 2012.  Resp't's Lodg. Doc. 8.

/////

/////

3

1    **II.  Standards of Review Applicable to Habeas Corpus Claims**

2           An application for a writ of habeas corpus by a person in custody under a judgment of a

3    state court can be granted only for violations of the Constitution or laws of the United States.  28

4    U.S.C. § 2254(a).  A federal writ is not available for alleged error in the interpretation or

5    application of state law.  *See Wilson v. Corcoran*, 562 U.S.___, ___, 131 S. Ct. 13, 16 (2010);

6    *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir.

7    2000).

8           Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas

9    corpus relief:

10                      An application for a writ of habeas corpus on behalf of a
                 person in custody pursuant to the judgment of a State court shall not
11               be granted with respect to any claim that was adjudicated on the
                 merits in State court proceedings unless the adjudication of the
12               claim -

13                      (1) resulted in a decision that was contrary to, or involved
                 an unreasonable application of, clearly established Federal law, as
14               determined by the Supreme Court of the United States; or

15                      (2) resulted in a decision that was based on an unreasonable
                 determination of the facts in light of the evidence presented in the
16               State court proceeding.

17          For purposes of applying § 2254(d)(1), "clearly established federal law" consists of

18    holdings of the United States Supreme Court at the time of the last reasoned state court decision.

19    *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, ___ U.S.

20    ___, 132 S.Ct. 38 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v.

21    Taylor*, 529 U.S. 362, 405-06 (2000)).  Circuit court precedent "may be persuasive in determining

22    what law is clearly established and whether a state court applied that law unreasonably."  *Stanley*,

23    633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)).  However, circuit

24    precedent may not be "used to refine or sharpen a general principle of Supreme Court

25    jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced."  *Marshall*

26    *v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (citing *Parker v. Matthews*, 132 S. Ct. 2148, 2155

27    (2012) (per curiam)).  Nor may it be used to "determine whether a particular rule of law is so

28    widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court,

1    be accepted as correct. *Id.* Further, where courts of appeals have diverged in their treatment of

2    an issue, it cannot be said that there is "clearly established Federal law" governing that issue.

3    *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

4        A state court decision is "contrary to" clearly established federal law if it applies a rule

5    contradicting a holding of the Supreme Court or reaches a result different from Supreme Court

6    precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003).

7    Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the

8    writ if the state court identifies the correct governing legal principle from the Supreme Court's

9    decisions, but unreasonably applies that principle to the facts of the prisoner's case. [2] *Lockyer v.*

10    *Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*, 360 F.3d 997, 1002

11    (9th Cir. 2004).  In this regard, a federal habeas court "may not issue the writ simply because that

12    court concludes in its independent judgment that the relevant state-court decision applied clearly

13    established federal law erroneously or incorrectly.  Rather, that application must also be

14    unreasonable." *Williams*, 529 U.S. at 412. *See also Schriro v. Landrigan*, 550 U.S. 465, 473

15    (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent

16    review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'").

17    "A state court's determination that a claim lacks merit precludes federal habeas relief so long as

18    'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v.*

19    *Richter*, 562 U.S.___,___,131 S. Ct. 770, 786 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S.

20    652, 664 (2004)).  Accordingly, "[a]s a condition for obtaining habeas corpus from a federal

21    court, a state prisoner must show that the state court's ruling on the claim being presented in

22    federal court was so lacking in justification that there was an error well understood and

23    comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*,131

24    S. Ct. at 786-87.

25    /////

26

27

28

---

[2]  Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

1    If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing

2    court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*,

3    527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008)

4    (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of §

5    2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering

6    de novo the constitutional issues raised.").

7    The court looks to the last reasoned state court decision as the basis for the state court

8    judgment. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).  If

9    the last reasoned state court decision adopts or substantially incorporates the reasoning from a

10   previous state court decision, this court may consider both decisions to ascertain the reasoning of

11   the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc).  "When

12   a federal claim has been presented to a state court and the state court has denied relief, it may be

13   presumed that the state court adjudicated the claim on the merits in the absence of any indication

14   or state-law procedural principles to the contrary." *Richter*, 131 S. Ct. at 784-85.  This

15   presumption may be overcome by a showing "there is reason to think some other explanation for

16   the state court's decision is more likely." *Id.* at 785 (citing *Ylst v. Nunnemaker*, 501 U.S. 797,

17   803 (1991)).  Similarly, when a state court decision on a petitioner's claims rejects some claims

18   but does not expressly address a federal claim, a federal habeas court must presume, subject to

19   rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, ___ U.S. ___,

20   ___, 133 S.Ct. 1088, 1091 (2013).

21   Where the state court reaches a decision on the merits but provides no reasoning to

22   support its conclusion, a federal habeas court independently reviews the record to determine

23   whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v.*

24   *Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).   "Independent review of the record is not de novo

25   review of the constitutional issue, but rather, the only method by which we can determine whether

26   a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853.  Where no

27   reasoned decision is available, the habeas petitioner still has the burden of "showing there was no

28   reasonable basis for the state court to deny relief." *Richter*, 131 S. Ct. at 784.

1    A summary denial is presumed to be a denial on the merits of the petitioner's claims.

2  *Stancle v. Clay*, 692 F.3d 948, 957 & n. 3 (9th Cir. 2012). While the federal court cannot analyze

3  just what the state court did when it issued a summary denial, the federal court must review the

4  state court record to determine whether there was any "reasonable basis for the state court to deny

5  relief." *Richter*, 131 S. Ct. at 784. This court "must determine what arguments or theories ...

6  could have supported, the state court's decision; and then it must ask whether it is possible

7  fairminded jurists could disagree that those arguments or theories are inconsistent with the

8  holding in a prior decision of [the Supreme] Court." *Id.* at 786. The petitioner bears "the burden

9  to demonstrate that 'there was no reasonable basis for the state court to deny relief.'" *Walker v.*

10  *Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (quoting *Richter*, 131 S. Ct. at 784).

11    When it is clear, however, that a state court has not reached the merits of a petitioner's

12  claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal

13  habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462

14  F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

15  **III. Failure to Strike Prior Conviction**

16    Petitioner's sole claim before this court is that the trial court abused its discretion when it

17  denied petitioner's motion to dismiss one of his two prior felony "strike" convictions in the

18  furtherance of justice at the time of his sentencing. ECF No. 1 at 22, 28.[3] He argues that the

19  sentencing judge did not consider "all relevant sentencing factors" and "failed to consider the

20  viable sentencing alternative of a second strike sentence." *Id.* Petitioner contends that the

21  sentencing judge should have dismissed at least one of his prior convictions because: (1) he was

22  63 years old at the time of his sentencing; (2) he used "no weapons or force during the

23  commission of the offense;" (3) he was an alcoholic "who committed the crimes towards the end

24  of an alcoholic binge;" and (4) his prior strikes occurred 23 and 14 years before the current

25  offense and were therefore "remote in time." *Id.* Petitioner also argues that a sentence of 25

26  years-to-life for a 63 year old man convicted only of second degree burglary without the use of

27

28
    _____
    [3] Page number citations such as this one are to the page numbers reflected on the court's
    CM/ECF system and not to page numbers assigned by the parties.

force "constitutes a grossly excessive sentencing undermining federal fairness in violation of the

defendant's Fourteenth Amendment right to due process." *Id.*

      The California Court of Appeal denied petitioner's challenge to his sentence.  The court

reasoned as follows:

> Defendant contends the trial court abused its discretion when it declined to dismiss at least one of his prior strike convictions because it did not consider all relevant factors when making its ruling.  As there is no evidence in the record to support this claim, we reject it.

> "'[T]he Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme."'"  (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

> "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, . . . or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)  "[P]reponderant weight must be accorded to factors intrinsic to the scheme, such as the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects." (*Ibid.*)  The circumstances under which a defendant with strike priors may be found to fall outside the spirit of the three strikes law must be extraordinary. (*People v. Philpot* (2004) 122 Cal.App.4th 893, 905.)

> The trial court's determination of whether to dismiss a strike is subject to review for abuse of discretion.  (*People v. Williams, supra*, 17 Cal.4th at p. 162.)  "[A] trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances.  For example, an abuse of discretion occurs where the trial court was not 'aware of its discretion' to dismiss [citation], or where the court considered impermissible factors in declining to dismiss [citation]." (*People v. Carmony, supra*, 33 Cal.4th at p. 378.)  It is defendant's burden to show that the trial court abused its discretion by failing to strike a prior conviction.  (*People v. Carmony, supra*, 33 Cal.4th at pp. 374, 376–377.)  "[A]n appellant who seeks reversal must demonstrate that the trial court's

decision was irrational or arbitrary." (*People v. Myers* (1999) 69 Cal.App.4th 305, 309–310.)

In the present matter, defendant's attorney filed a request pursuant to section 1385 and *People v. Romero* (1996) 13 Cal.4th 497 (*Romero*), asking the trial court to strike defendant's prior strike convictions. In support of the request, the attorney argued that defendant "was at the tail end of a serious alcohol binge" when he committed the current offense, the amount of money stolen was small and was possessed only briefly, and he did not use force or threats during the crime. The attorney noted that defendant had been employed from 2006 until just before the offense, that he showed remorse and took responsibility for the actions leading to the crime, and that if he had not had an alcohol problem, the offense "likely would not have occurred." The attorney also pointed out that defendant's most recent strike conviction occurred 15 years earlier and did not involve "weapons or egregious force." Finally, defendant's attorney argued that, due to defendant's age, he would be "an elderly man" by the time of his release if any prison sentence was imposed, and that the facts of the current offense did not suggest he was a danger.

The trial court denied defendant's motion, ruling that dismissal of his prior strike convictions would not be in the interest of justice. The court explained: "Looking at [defendant's] past conduct, including the nature and circumstances of his prior strikes, and his conduct in this case, including the nature and circumstances of this offense, looking at his background, his character, and his prospects, I cannot find that he should be deemed to be outside the spirit of the three strikes law."

The trial court's denial of defendant's request to dismiss his prior strike convictions was neither irrational nor arbitrary. Defendant's history of criminal activity spans nearly 45 years and includes at least seven prior felony convictions and numerous parole violations. Defendant's lengthy and serious criminal record and his chronic alcoholism support the trial court's exercise of discretion, as does the serious nature of his current offense. The trial court acted well within its discretion in finding defendant did not fall outside the spirit of the three strikes law.

Defendant claims the trial court abused its discretion by not taking into account various factors related to his background and current offense. To the contrary, all of the factors cited by defendant in support of this claim – his age, his alcoholism, his employment history, the lack of violence in the current offense, the "remoteness" of the prior strike convictions, and the availability of alternatives to a third strike sentence – were addressed in his written request to dismiss his strike convictions or in his attorney's comments at his sentencing hearing. At the hearing, the trial court stated it had read and considered the probation report, defendant's request to dismiss his prior strikes and the opposition thereto, the forensic psychiatrist's report, and a letter from defendant. The trial court also stated it had taken into consideration the nature and circumstances of the current offense and defendant's past conduct,

as well as his background, character and prospects.  Nothing in the record casts doubt on the trial court's statement that it considered all of this information when making its ruling.  Nor is there any suggestion in the record that the trial court was unaware of its discretion or that it relied on improper factors.  "The trial court is not required to state reasons for declining to exercise its discretion under section 1385 [citation]."  (*People v. Gillispie* (1997) 60 Cal.App.4th 429, 433.)  "The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary."  (*People v. Myers, supra*, 69 Cal.App.4th at p. 310, citing *People v. Kelley* (1997) 52 Cal.App.4th 568, 582.)  "[E]rror must affirmatively appear on the record.  On a silent record in a post - Romero case, the presumption that a trial court ordinarily is presumed to have correctly applied the law should be applicable."  (*People v. Gillispie, supra*, at p. 434, cited with approval in *People v. Carmony, supra*, 33 Cal.4th at p. 378.)

Defendant points to an array of facts that he maintains militated in favor of dismissing one or both of his strikes.  But, on appeal, the issue is not whether these factors might possibly have supported a ruling contrary to the one issued by the trial court.  Rather, we review the record to determine whether the ruling the trial court made was an abuse of discretion.  "[A] '"decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.'"'"  (*People v. Carmony, supra*, 33 Cal.4th at p. 377.)

In sum, this is not "an extraordinary case – where the relevant factors . . . manifestly support the striking of a prior conviction and no reasonable minds could differ."  (*People v. Carmony, supra*, 33 Cal.4th at p. 378.)  Accordingly, we conclude the trial court did not abuse its discretion in denying defendant's request to dismiss his prior strike convictions.

*Dupree*, 2012 WL 1773275 at **2-4.  This decision by the California Court of Appeal on petitioner's claim of sentencing error is the operative decision for purposes of AEDPA review of petitioner's claim.  *See Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000) (district court "look[s] through" unexplained California Supreme Court decision to the last reasoned decision as the basis for the state court's judgment).

Petitioner's federal habeas challenge to the trial court's denial of his motion pursuant to *People v. Romero* essentially involves an interpretation of state sentencing law.  As explained above, "it is not the province of a federal habeas court to reexamine state court determinations on state law questions."  *Wilson*, 131 S. Ct. at 16 (quoting *Estelle*, 502 U.S. at 67).  This Court is bound by the state court's interpretation of state law.  *Aponte v. Gomez*, 993 F.2d 705, 707 (9th

1  Cir. 1993).  So long as a sentence imposed by a state court "is not based on any proscribed federal

2  grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by

3  indigency, the penalties for violation of state statutes are matters of state concern." *Makal v. State*

4  *of Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976).  Thus, "[a]bsent a showing of fundamental

5  unfairness, a state court's misapplication of its own sentencing laws does not justify federal

6  habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).

7       The sentencing judge in this case declined to strike any of petitioner's prior "strike"

8  convictions only after considering all of the relevant circumstances and applying the applicable

9  law.  As indicated by the California Court of Appeal, the sentencing judge's conclusion that

10  petitioner did not fall outside the spirit of California's Three Strikes Law was not unreasonable

11  under the circumstances of this case.  After a careful review of the sentencing proceedings, the

12  undersigned finds no federal constitutional violation in the state trial judge's exercise of his

13  sentencing discretion.  If petitioner's sentence had been imposed under an invalid statute and/or

14  was in excess of that actually permitted under state law, a federal due process violation would be

15  presented.  *See Marzano v. Kincheloe*, 915 F.2d 549, 552 (9th Cir. 1990) (due process violation

16  found where the petitioner's sentence of life imprisonment without the possibility of parole could

17  not be constitutionally imposed under the state statute upon which his conviction was based).

18  However, petitioner has not made a showing that such is the case here.  Nor has petitioner

19  demonstrated that the trial court's decision not to strike his prior second degree murder conviction

20  was fundamentally unfair.  In short, petitioner has failed to show that the trial court violated his

21  federal constitutional rights in denying his motion pursuant to Cal. Penal Code § 1385 and *People*

22  *v. Romero*.  Accordingly, he is not entitled to relief on the claim before this court.

23  **IV. Conclusion**

24       Accordingly, it is hereby ORDERED that the Clerk of Court is directed to randomly

25  assign a United States District Judge to this action.

26  /////

27  /////

28  /////

1  Further, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

2  habeas corpus be denied.

3  These findings and recommendations are submitted to the United States District Judge

4  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8  shall be served and filed within fourteen days after service of the objections.  Failure to file

9  objections within the specified time may waive the right to appeal the District Court's order.

10  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

11  1991).  In his objections petitioner may address whether a certificate of appealability should issue

12  in the event he files an appeal of the judgment in this case.  *See* Rule 11, Rules Governing Section

13  2254 Cases (the district court must issue or deny a certificate of appealability when it enters a

14  final order adverse to the applicant).

15  DATED:  May 4, 2015.

16

17  EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

12